■ WLADYSLAW KOBESZKO et al., Respondents, v TORONITA CORPORATION et al., Defendants, and KASDEN COMPLETE SERVICES, LTD., et al., Appellants. [676 NYS2d 231] —In a negligence action to recover damages for personal injuries, etc., the

defendants Kasden Complete Services, Ltd., Brooke D. Barrett, Donald Denihan, and Lawrence Denihan individually and as partners doing business as The Denihan Company, and Brooke D. Barrett, Donald Denihan, and Lawrence Denihan individually and as partners doing business as Lyden Realty Investors, appeal from an order of the Supreme Court, Kings County (Garry, J.), dated May 9, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by (1) deleting the provision thereof which denied those branches of the appellants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Kasden Complete Services, Ltd., and Brooke D. Barrett, Donald Denihan, and Lawrence Denihan individually and as partners doing business as The Denihan Company, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof which denied those branches of the appellants' motion which were to dismiss the causes of action to recover damages for strict liability in tort and breach of warranty insofar as asserted against Brooke D. Barrett, Donald Denihan, and Lawrence Denihan individually and as partners doing business as Lyden Realty Investors and substituting therefor a provision granting those branches of the appellants' motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

On appeal, the plaintiffs' concede that Brooke D. Barrett, Donald Denihan, and Lawrence Denihan individually and as partners doing business as Lyden Realty Investors are entitled to summary judgment dismissing the causes of action to recover damages for strict liability in tort and breach of warranty insofar as asserted against them. Accordingly, we have modified the order appealed from to grant that relief.

Under the circumstances of this case, the Supreme Court properly denied summary judgment dismissing the plaintiffs' causes of action to recover damages for negligence and loss of consortium insofar as asserted against the appellants Brooke D. Barrett, Donald Denihan, and Lawrence Denihan individually and as partners doing business as Lyden Realty Investors, the owner of the premises where the accident occurred (see, Basso v Miller, 40 NY2d 233, 241; Negri v Stop & Shop, 65 NY2d 625, 626).

However, the court should have granted summary judgment as to the remaining appellants, as the plaintiffs failed to set forth a legally cognizable predicate for liability against them. Miller, J. P., Thompson, Joy and Florio, JJ., concur.